UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-CV-211 (GUYTON) |
| JOHN M. HARRISON, CELIA H. HARRISON, and SWEETWATER VALLEY FARM, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 8]. The Court conducted a status conference on June 11, 2008. Attorney Michael Atkins was present for the plaintiff. Attorney Louis Crossley was present for the defendants.

The defendants made an oral motion to bifurcate the issues of liability and damages for separate trials, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. The plaintiff did not oppose the motion. The Court found that the motion was well-taken, and it is **GRANTED**, as follows: the Court will conduct a trial, non-jury, on October 27, 2008 on the issues of whether the plaintiff has the right to close or otherwise restrict the use of the crossing by the defendants, and if so, whether such right gives rise to a right of compensation in favor of the defendants. If the Court rules in the affirmative on those issues, the Court will schedule a trial, with a jury, on the issue of the amount of compensation damages.

The Court will conduct a pretrial conference on October 16, 2008 at 2:00 p.m.

The parties will have time, following the non-jury trial, to submit proposed findings of fact and conclusion of law.

As to other scheduling matters, the Court **ORDERS** as follows:

(1) <u>Expert Testimony</u>: The parties report that disclosure of expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) is not applicable.

(2) <u>Evidence-Presentation Equipment</u>: If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(3) <u>Pretrial Disclosures</u>: On or before **September 12, 2008**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 7(g) and (h) below).

(4) <u>All Discovery</u>: All discovery, including the taking of depositions "for evidence," shall be completed on or before **September 26, 2008**. (Motions to compel must be filed on or before **August 26, 2008**.)

(5) <u>PRETRIAL ORDERS AND PRETRIAL CONFERENCES</u>:

Unless counsel are otherwise directed by the Court,[1] the following shall govern with

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the Court.

regard to pretrial orders and conferences in this particular case.

An agreed pretrial order <u>shall be filed with the clerk</u> on or before **September 26, 2008**. This order shall contain the following recitals:

    (a) Jurisdiction.

    (b) That the pleadings are amended to conform to the pretrial order.

    (c) Short summary of plaintiff's theory.

    (d) Short summary of defendants' theory.

    (e) The issues to be submitted to the trial judge or jury.

    (f) Stipulations of fact.

    (g) Novel or unusual questions of law or evidence.

    (h) Estimated length of trial (in working days).

    (i) Possibility of settlement.

    (j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

On **September 12, 2008** ( **September 10, 2008** if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel <u>shall</u> furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (545-4260) on or before **September 26, 2008** that the parties have, in a face-

to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

Failure to file an agreed pretrial order or to notify the undersigned's Judicial Assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

(6) <u>Dispositive Motions</u>: The parties report that this is not applicable.

(7) <u>Motions in Limine</u>: Any motions *in limine* must be filed no later than **October 16, 2008**. Should a hearing be directed by the Court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.

(8)(a) On or before **August 28, 2008**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(b) Within five (5) days after service of a final witness list in (g) above, such list may be supplemented.

**IT IS SO ORDERED.**

**ENTER:**

         s/ H. Bruce Guyton
         United States Magistrate Judge